DUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

ALYSON KOESTLER,

    Plaintiff,

v.

RUDRAKSHA, LLC, a Florida limited liability
company d/b/a RACEWAY GAS, and VISHAL
PATEL,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, ALYSON KOESTLER, ("KOESTLER"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, RUDRAKSHA, LLC, a Florida limited liability company d/b/a RACEWAY GAS, (hereinafter "RACEWAY"), and VISHAL PATEL, (hereinafter 'PATEL"), and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendant, RACEWAY, was an enterprise engaged in interstate commerce, respectively. At all times pertinent to this Complaint,

RACEWAY regularly owned and operated a business enterprise, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated a gasoline station and convenience store. Plaintiff's work at the gasoline station involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office gasoline, automotive supplies, food and drink and other materials necessary for the operation of a gasoline station and convenience store—and, which were also manufactured outside the State of Florida.

4. During the relevant time period, the Defendants employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office gasoline, automotive supplies, food and drink and other materials necessary for the operation of a gasoline station and convenience store—most of which was manufactured outside the State of Florida.

5. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida and,

   b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, KOESTLER was a resident of Pensacola, Escambia County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the Defendants were conducting business in Pensacola, Escambia County, Florida.

11. At all times material hereto, Defendants were the employers of Plaintiff, KOESTLER.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

13. At all times material hereto, Defendants failed to pay Plaintiff, KOESTLER wages in conformance with the FLSA.

14. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, RACEWAY was an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. Commencing on or about September 25, 2019, Plaintiff, KOESTLER was hired by the Defendants to work at the Defendants' gasoline station and convenience store as a cashier. Her employment ended on or about February 1, 2020.

19. Plaintiff, KOESTLER was generally paid an hourly wage of $8.50 per hour, which was eventually increased to $9.00 per hour.

20. During Plaintiff, KOESTLER's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for some of her hours worked.

21. In addition, Plaintiff, KOESTLER worked in excess of forty hours per week. Defendants failed to pay her at the rate of time-and-one-half times the applicable minimum wage.

22. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

23. Defendant, PATEL was a supervisor and manager/owner who was involved in the day-to-day operations and/ or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

24. Defendant, PATEL was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

25. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

26. Plaintiff, KOESTLER realleges Paragraphs 1 through 26 as if fully stated herein.

27. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

28. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

29. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($15,347.75);

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

33. Plaintiff realleges Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

34. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

35. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

36. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for hours worked on December 21, 2019.  Indeed, she received no wages at all for the 12 hours she worked on December 21, 2019

37. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

38. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due for 2018 through 2019 as calculated above;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

39. Plaintiff, KOESTLER realleges Paragraphs 1 through 27 as if fully stated herein.

40. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

41. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for about 12 of her work hours. The Defendants failed to pay the Plaintiff anything for those 12 hours.

42. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

  b.  Awarding Plaintiff all back wages due and owing in the amount calculated above;

  c.  Awarding Plaintiff liquidated damages in the amount equal to her back wages;

  d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

  e.  Awarding Plaintiff prejudgment and post-judgment interest;

  f.  Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation;

  g.  Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: July 22, 2020.

           Respectfully submitted,

           BOBER & BOBER, P.A.
           Attorneys for Plaintiff
           2699 Stirling Road
           Suite A-304
           Hollywood, FL 33312
           Phone: (954) 922-2298
           Fax: (954) 922-5455
           peter@boberlaw.com
           samara@boberlaw.com

           By:  s./ Peter Bober
               PETER BOBER
               FBN: 0122955
               SAMARA ROBBINS BOBER
               FBN: 0156248